## BATCHELDER *versus* McKENNEY.

Compensation for services performed on the credit of defendant, may be recovered of him though rendered to another.

But where the plaintiff performed services for a neighbor at the request of defendant, and it was known to the plaintiff that he only acted as the friend and agent of his neighbor, he can maintain no action against the defendant for compensation.

And the fact, that defendant was a partner with him, for whom the labor was performed, will not render him liable.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding.

ASSUMPSIT on account for services rendered.

The facts found upon the evidence reported, appear in the opinion of the Court.

*Waterhouse*, for the plaintiff.

*Blake*, for the defendant.

SHEPLEY, C. J. — The plaintiff was employed to take care of C. B. Robbins, while his mind was disordered. By the request of a neighbor, the defendant first requested his attend-

ance. He appears to have remained one or two days, and to have been discharged by the wife of Robbins, who soon after requested the defendant to get some person to take care of her husband. The defendant sent the plaintiff again and he remained five or six weeks.

Robbins became so far restored as to be able for a short time to attend to business, and he paid the plaintiff fifteen dollars in part for his services. The plaintiff knew, that the defendant requested him to perform services beneficial to another and not to himself.

There was, therefore, much reason to conclude, that the defendant was acting as the friend and agent of the person for whom the service was to be performed, unless he desired that they should be performed upon his own credit. There is no reason to doubt, that the plaintiff could have recovered a judgment against Robbins for any balance due to him. There is no testimony tending to prove, that defendant specially engaged to pay for services, rendered for the benefit of another. The rights of the parties cannot be varied by the fact, that Robbins was then a partner of the defendant, who cannot be holden to pay the debt of another by a verbal request, that services should be performed for him. If there had been testimony to prove, that the defendant requested the plaintiff to perform services for him by attending upon Robbins, the rights of the parties would have been different. *Plaintiff nonsuit.*

RICE, APPLETON and HATHAWAY, J. J., concurred.